IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SHERON GABRIEL TERRELL | § | |
| VS. | § | CIVIL ACTION NO. 9:14cv129 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION

Petitioner Sheron Gabriel Terrell, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary conviction.

Factual Background

In prison disciplinary case number 20130333522, petitioner was charged with threatening to inflict harm on an officer. Following a disciplinary hearing, he was convicted of the offense with which he was charged. He received the following punishment: (1) 45 days of cell and commissary restriction; (2) demotion to a classification at which he earns fewer days of good conduct time credits; (3) demotion to a classification at which he is subject to more restrictive conditions of confinement and (4) forfeiture of 90 days of previously earned good conduct time credits.

Grounds for Review

Petitioner asserts the following grounds for review: (a) the grievances he filed concerning his disciplinary conviction were improperly destroyed; (b) the disciplinary charge was false; (c) the pre-hearing investigation report was inadequate and (d) his counsel substitute failed to provide him with adequate assistance.

Analysis

Prison inmates who lose previously earned good conduct time credits as a result of prison disciplinary convictions are entitled to the procedural due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994). As petitioner was deprived of good conduct time credits as a result of the disciplinary conviction being challenged,

he was entitled to: (1) written notice of the charges brought against him at least 24 hours before the hearing; (2) a written statement of the fact-finder as to the evidence relied on and the reason for the disciplinary action and (3) the opportunity to call witnesses and present documentary evidence in his defense. *Wolff*, 418 U.S. at 563-66.

In addition, there must have been "some evidence" to support the petitioner's conviction. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1983). The result of a prison disciplinary proceeding will be overturned by a federal court "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

"Ascertaining whether this standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "Federal Courts will not review the sufficiency of the evidence at a disciplinary hearing; a finding of guilt requires only the support of 'some facts' or 'any evidence at all.'" *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986) (citation omitted).

*Grievances*

Petitioner states he attempted to appeal his disciplinary conviction through the prison grievance system. However, the grievance department falsely stated it did not receive any grievances from petitioner.

This assertion does not provide petitioner with a basis for relief in this proceeding. A prisoner does not have a constitutional right of access to a grievance procedure. *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). As a result, petitioner did not have a right to have his grievances processed and considered.

*False Disciplinary Charge*

Petitioner states the disciplinary charge against him was false. Petitioner states Officer Burks improperly attempted to stop him from going to the law library by making an unnecessary threat to spray petitioner with a chemical agent. He states then asked to speak with a supervisor. After a sergeant came and spoke to petitioner and Officer Burks, petitioner was allowed to proceed to the library. However, after petitioner completed his session in the library and returned to his cell, he was detained and charged with threatening to inflict harm on Officer Burks. Petitioner contends this charge was false because Officer Burks threatened to harm him.

The court construes this claim as an assertion that there was insufficient evidence to support the disciplinary conviction. Petitioner states that the offense report concerning the charge alleged petitioner said "I will show you what I will do," as he pushed forward towards Officer Burks. The hearing officer could have reasonable concluded that the quoted statement, made while petitioner was advancing towards Officer Burks, constituted a threat to inflict harm on Officer Burks. As stated above, a prison disciplinary conviction need only be supported by "some evidence" in order to withstand federal habeas review. Information provided in a written offense report, standing alone, is sufficient to satisfy the "some evidence" standard. *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001) (citing *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999)). The hearing officer would have been free to find petitioner's assertion that Officer Burks threatened him more credible than the allegation in the offense report. However, determinations regarding the credibility of evidence introduced in a disciplinary proceeding is left to the discretion of the hearing officer. *Hudson*, 534 F.3d at 537. As the allegation in the offense report satisfied the "some evidence" standard, this ground for review is without merit.

*Investigation Report*

Petitioner contends that the preliminary investigation report prepared concerning the disciplinary charge was inadequate. He states the report failed to list two inmates who witnessed the altercation between petitioner and Officer Burks, as well as an officer who was present. Petitioner

3

also contends the report should have contained a list of the inmates who attended his law library session.

An adequate preliminary investigation report is not one of the procedural protections provided for in *Wolff*. As a result, the failure to prepare an adequate report does not amount to a constitutional violation. Further, even if the report was not prepared in the manner required by prison regulations, the failure by prison officials to follow prison regulations does not rise to the level of a constitutional violation. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 20006); *Balli v. Haynes*, 804 F.3d 306, 308 (5th Cir. 1986).

*Counsel Substitute*

Petitioner states Brandy Mosley was appointed to act as his counsel substitute. He states he spoke to her about the incident. He states she knew he would not be in a position to gather and present evidence. However, she abandoned his case. While Rachael Smith was appointed as a replacement counsel substitute on the day of the disciplinary hearing, petitioner states she had not consulted with him prior to the hearing.

Petitioner contends his counsel substitute was ineffective and did not provide him with adequate assistance. However, while the Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel, claims based upon ineffective assistance of counsel are dependent upon there being a right to counsel with respect to a particular type of proceeding. Prison inmates have no right to counsel in connection with prison disciplinary proceedings. *Baxter v. Palmigiano*, 425 U.S. 308, 316 (1976); *Choyce v. Cockrell*, 51 F. App'x 483, (5th Cir. 2002). As a result, this ground for review does not provide petitioner with a basis for relief.[1]

---

[1] Petitioner also asserts the disciplinary case was written against him in retaliation for exercising his right to access the courts by going to the law library. A claim of retaliation is more in the nature of a civil rights claim rather than a habeas claim. Petitioner's retaliation claim, as well as other civil rights claims asserted in his filings, were previously severed and are proceeding in a separate lawsuit. Petitioner's retaliation claim will be considered in that lawsuit. If petitioner wishes to also have the claim considered in this case, he may file a motion asking the court to reconsider the denial of his petition.

Conclusion

For the reasons forth above, this petition for writ of habeas corpus is without merit. A final judgment shall therefore be entered denying the petition.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a certificate of appealability is issued. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473 (2000); *Elizalde v. Dretke*, 362 F.3d 323 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues raised are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubts regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner. *See Miller v. Johnson*, 200 F.3d 274, 280-81(5th Cir. 2000).

In this case, petitioner has not shown that any of the issues he raised are subject to debate among jurists of reason. The factual and legal issues asserted by petitioner are not novel and have been consistently resolved adversely to his position. In addition, the issues raised are not worthy of encouragement to proceed further. As a result, a certificate of appealbility shall not issue in this matter.

So **ORDERED** and **SIGNED** this **27** day of **September, 2017.**

_____
Ron Clark, United States District Judge